IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUCINDA K. BAUER,

      Plaintiff,                      No. CIV S-09-1674 FCD DAD PS

vs.

DONNA J. FORSTER, et al.,        FINDINGS AND RECOMMENDATIONS

      Defendants.

_____/

        Plaintiff, proceeding pro se with a personal injury action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The case has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action "without prepayment of fees or security therefor" by a plaintiff who submits an affidavit demonstrating inability to pay the filing fee or give security for it. 28 U.S.C. § 1915(a). Here, plaintiff has submitted an in forma pauperis application that makes the required showing. However, the inability to pay the fee does not complete the required inquiry. The case must be dismissed if the claims are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune party. 28 U.S.C. § 1915(e)(2).

1

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1] "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). Because of the presumptive lack of jurisdiction, a plaintiff's complaint is required to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). The burden of establishing jurisdiction rests upon the party asserting jurisdiction. Kokkonen, 511 U.S. at 377.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction may arise under the United States Constitution or under a federal statute regulating specific subject matter. See generally W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.

Here, plaintiff has sued four individuals associated with creditors who acquired personal information about plaintiff, including her Social Security Number, in a bankruptcy proceeding. Plaintiff alleges that the defendants disclosed her personal information to the public on March 7, 2009, by electronic filing of unredacted documents in a proceeding in the Sacramento County Superior Court. Plaintiff has also named the state court as a defendant. Plaintiff prays for injunctive relief and damages.

/////

---

[1] The judicial power of the United States is vested in "one Supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. Art. III, § 1. Congress has conferred jurisdiction upon federal district courts as limited by Article III, § 2. See 28 U.S.C. § 132. See also Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

The allegations of plaintiff's complaint demonstrate that diversity jurisdiction is absent because all parties to the action are citizens of California for purposes of the diversity statute. The undersigned finds that plaintiff's personal injury claims do not present a federal question because they do not arise under any provision of the United States Constitution or any federal statute that provides plaintiff with a private right of action against non-federal defendants.

Plaintiff's complaint cites various authorities that require complete or partial redaction of personal information. Her list includes three federal authorities: (1) the Judicial Conference Policy on Privacy and Electronic Access to Case Files, (2) the E-Government Act of 2002, and (3) Federal Rule of Civil Procedure 5.2. "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." Alexander v. Sandoval, 532 U.S. 275, 286 (2001) (citations omitted). Thus, Judicial Conference policies and rules governing procedure in federal courts do not give rise to private causes of action.[2] See Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 372 (9th Cir. 2005) (holding that the Federal Rules of Civil Procedure do not create duties on which a party may base claims); Good v. Khosrowshahi, No. 08-2061, 2008 WL 4596342, at *4 (10th Cir. Oct. 15, 2008) (holding that Rule 5.2 of the Federal Rules of Civil Procedure does not create a private right of action for failing to redact information from an electronically filed document).

Although plaintiff's complaint cites the E-Government Act of 2002, plaintiff has not cited any statutory provision that provides a private right of action under the Act, and federal courts have found none. See 44 U.S.C. §§ 3601-3602; In re French, 401 B.R. 295, 312-13 (E.D. Tenn. 2009) (holding that the privacy provisions of the Paperwork Reduction Act, incorporated in the E-Government Act of 2002, do not provide a private cause of action); In re Haefner, 345 B.R. 588, 590 (N.D. Ohio 2006) ("[I]t is questionable whether the E-Government Act, being a mandate directed at government agencies and not individuals, confers upon a party a private right

---

[2] The Federal Rules of Civil Procedure apply to civil actions filed in the United States district courts. See Fed. R. Civ. P. 1. They do not apply to state court proceedings.

3

of action."). See also Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 844 (9th Cir. 1999) (holding that the Paperwork Reduction Act does not create a private right of action).

Plaintiff has not met her burden of establishing the existence of a federal question jurisdiction. Because the district court lacks subject matter jurisdiction over plaintiff's personal injury claims, granting leave to amend would be futile. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). The undersigned will therefore recommend that plaintiff's in forma pauperis application be denied and this action be dismissed without prejudice for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's June 17, 2009 motion to proceed in forma pauperis be denied; and

2. This action be dismissed without prejudice for lack of subject matter jurisdiction.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty (20) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 19, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\bauer1674.f&r.jur